

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Barry K. Myrvold
*Special Federal Litigation*
(212) 788-9391
(212) 788-9776 (fax)
bmyrvold@law.nyc.gov

April 18, 2008

**By Fax (212) 805-6185**
Honorable Barbara S. Jones
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007



Re:    <u>Keton Henry v. The City of New York, et al.</u>, 08 CV 3465 (BSJ)

Your Honor:

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendants City of New York and New York City Police Department in this action. I am writing with plaintiff's counsel's consent to respectfully request a sixty-day enlargement of time from May 5, 2008 to July 3, 2008 to respond to the complaint on behalf of the City and the NYPD.[1]

   There are several reasons for seeking this enlargement of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Here, it is alleged that plaintiff was arrested on July 18, 2006 for robbery, arraigned and, because he could not make bail, incarcerated for about a year until July 13, 2007 when he was acquitted after a jury trial. As a result of the acquittal the records relating to the arrest and prosecution may be sealed. Currently, this office is in the process of forwarding to plaintiff's counsel for execution a consent and authorization for the release of records that may have been sealed pursuant to N. Y. Criminal

---

[1]  Plaintiff's counsel advises me that the individually named defendants, Captain John Vasek, Detectives Rentas and Garrity and Police Officer Williams were served, but as of this date no request for representation has been received from any of them. Without appearing on their behalf, it is respectfully requested that, if they have been served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

Honorable Judge Barbara S. Jones
Keton Henry v. NYC, et al.
April 18, 2008
Page 2


Procedure Law § 160.50. The executed release is necessary for this office to obtain the District Attorney, Criminal Court and police records pertaining to the plaintiff's alleged false arrest and malicious prosecution claims. This office is also in the process of forwarding to plaintiff's counsel for execution medical releases, which are necessary for our office to obtain the medical records pertaining to plaintiff's alleged physical injuries and treatment.

Further, assuming the officers have been properly served, the sixty-day extension is necessary to allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the individual police officer defendants. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's and the NYPD's time to respond to the complaint be enlarged to July 3, 2008. No previous request for an enlargement of time to respond to the complaint has been made in this action.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry K. Myrvold
Assistant Corporation Counsel


cc:     William T. Martin          By Fax (718) 625-6977
        *Attorney for Plaintiff*


*Application Granted.*


SO ORDERED
Dated:                    BARBARA S. JONES
                          U.S.D.J.

4/23/08