UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

KETON HENRY,

                                       Plaintiff,

               -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, Capt. John Vasek, Det
Rentas, Det. Michael Garrity, and P.O. WILLIAMS,

                                       Defendants.

------------------------------------------------------------------------- x

08 CV 3465(BSJ)(MHD)

ANSWER

JURY TRIAL DEMANDED

        Defendant Police Detective Michael Garrity by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for his answer to the Verified Complaint, dated February 8, 2007 ("Complaint"), respectfully states, upon information and belief, as follows:

        1.  Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to base venue in this district.

        2.  Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff alleges claims arising out of events that occurred in Bronx County.

        3.  Denies the allegations set forth in paragraph "3" of the Complaint, except admits that in or about September 12, 2007, the City received a document purporting to be a notice of claim, and that plaintiff's claim has not been settled.

        4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

        5.  Denies the allegations set forth in paragraph "5" of the Complaint, except

admits that the City is and was a municipal corporation incorporated under the laws of the State of New York.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the City maintains a police department known as the New York City Police Department, and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that the City employed John Vasek as a police captain and respectfully states that the allegations that said officer was "acting under the color and code of the state law and in furtherance of their employment with the NYPD" are legal conclusions that do not require a response.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City employed Robert Rentas as a police detective and respectfully states that the allegations that said officer was "acting under the color and code of the state law and in furtherance of their employment with the NYPD" are legal conclusions that do not require a response.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that the City employed Michael Garrity as a police detective and respectfully states that the allegations that said officer was "acting under the color and code of the state law and in furtherance of their employment with the NYPD" are legal conclusions that do not require a response.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the City employed Reginald Williams as a police officer and respectfully

states that the allegations that said officer was "acting under the color and code of the state law and in furtherance of their employment with the NYPD" are legal conclusions that do not require a response. [1]

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

12. .Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff was approached by police officers with regard to an incident on White Plains Road in the 43rd Precinct.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiff was taken to the 43rd Precinct, was placed in a line-up and was identified as the perpetrator of an incident on White Plains Road in the 43rd Precinct.

15. Denies the allegations set forth in paragraph "12" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiff was identified as the perpetrator.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

---

[1] The Complaint incorrectly renumbers the remaining paragraphs starting as the 8th paragraph, rather than the 11th paragraph.

18. Denies the allegations set forth in paragraph "15" of the Complaint.

19. In response to the allegations set forth in paragraph "16" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

20. Denies the allegations set forth in paragraph "17" of the Complaint.

21. Denies the allegations set forth in paragraph "18" of the Complaint.

22. Denies the allegations set forth in paragraph "19" of the Complaint.

23. Denies the allegations set forth in paragraph "20" of the Complaint.

24. Denies the allegations set forth in paragraph "21" of the Complaint.

25. In response to the allegations set forth in paragraph "22" of the Complaint, defendants repeat the responses set forth in the previous of this answer as if fully set forth herein.

26. Denies the allegations set forth in paragraph "23" of the Complaint.

27. Denies the allegations set forth in paragraph "24" of the Complaint.

28. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "26" of the Complaint.

30. Denies the allegations set forth in paragraph "27" of the Complaint.

31. Denies the allegations set forth in paragraph "28" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Plaintiff provoked or was at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37. There was probable cause to arrest, detain and prosecute plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38. Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39. Defendant Garrity has not violated any clearly established constitutional

or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41. At all times relevant to the acts alleged in the Complaint, defendant Garrity acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff's state law claims are barred in whole or in part under the statutes of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43. The New York City Police Department is not a suable or justiciable entity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff lacks personal jurisdiction over the individually named defendant Garrity by reason of improper service of process.

WHEREFORE, defendant Police Detective Michael Garrity demands judgment dismissing the complaint in its entirety, together with the costs and

disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
          August 5, 2008

          Respectfully submitted,

          MICHAEL A. CARDOZO
          Corporation Counsel of the
          City of New York
          *Attorney for Defendants*
          CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE DETECTIVES ROBERT RENTAS and MICHAEL GARRITY, and POLICE OFFICER REGINALD WILLIAMS
          100 Church Street, Room 3-162
          New York, New York  10007
          (212) 788-9391
          bmyrvold@law.nyc.gov

          By:  /s/  Barry Myrvold

<u>By ECF To:</u>
William T. Martin
*Attorney for Plaintiff*
32 Court Street, Suite 707
Brooklyn, New York 11201
(718) 625-2537